

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  GEORGE CHIKE IFEORAH, | No. 15-60047 |
| Debtor, | BAP No. 14-1363 |
| ------------------------------ | Bankr. No. 12-15356 |
| GEORGE CHIKE IFEORAH, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| RYAN FLEGAL and INVEST & DESIGN LLC, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted February 13, 2017
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and KORMAN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

George Ifeorah, debtor, appeals from the Bankruptcy Appellate Panel ("BAP"), raising issues relating to the proper application of proximate causation to the bankruptcy exception for fraud that arises under 11 U.S.C. § 523(a)(2). The finding of fraud in this case arises out of a landlord-tenant dispute. Ifeorah, the tenant, defaulted on rent for the commercial property he was leasing for his restaurant. Ryan Flegal, the landlord, responded by commencing an unlawful detainer proceeding against him. On the day of trial, Ifeorah convinced Flegal to allow him to remain on a reduced rent schedule, in exchange for a balloon payment to be paid later, and a promise that Flegal could keep the commercial kitchen facility that Ifeorah had built on the leased premises, if Ifeorah ever defaulted. Ifeorah never intended to keep that promise, and the representation that he was the owner of said equipment was false. Unbeknownst to Flegal, Ifeorah had previously transferred title to the equipment to an LLC in which he held a 60% stake. Although Ifeorah briefly made the required rent payments, he eventually defaulted again. By the time that Flegal was able to eject him from the premises, accrued but unpaid back rent had risen to north of $160,000. Moreover, rather than leaving a turnkey kitchen as promised, Ifeorah hired contractors to dismantle it and ship it offsite, destroying much of its value. He subsequently filed for Chapter 11 bankruptcy protection, which he later converted to a Chapter 7 liquidation.

Flegal commenced an adversary proceeding, seeking a declaration that Ifeorah's debts were non-dischargeable. After the bankruptcy court ruled in favor of Flegal, Ifeorah appealed both the non-dischargeability holding and the damages award. The BAP affirmed. This appeal followed.

**DISCUSSION**

Section 523(a)(2)(A) of the Bankruptcy Code provides that debts arising from fraud are non-dischargeable. A claim for non-dischargeability under that section has five elements, but only one—"damage to the creditor *proximately caused* by its reliance on the debtor's statement or conduct"—is relevant here. *Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1050 (9th Cir. 2014) (order) (emphasis supplied).

In relevant part, the award included accrued but unpaid back rent and the market value of the kitchen equipment. We divide the rental damages into distinct categories. Ifeorah missed approximately $33,000 in rent payments before the settlement agreement, which allowed him to remain on the premises on a reduced rent schedule. He later defaulted on a balloon payment to Flegal, which was to consist of the rent unpaid at the time of the settlement agreement, and the rent that was deferred due to the reduced rent schedule. The BAP was correct that Ifeorah would have owed the rent unpaid at the time of settlement regardless of the fraud, and therefore it did not fall within the exception to discharge for fraud under 11 U.S.C. § 523(a)(2).

3

Nevertheless, the deferred rent due on the date of the balloon payment (about $9,000) flowed directly from the signing of the settlement agreement itself, which was induced by Ifeorah's fraudulent promise and warranty.

The third category of damages, consisting of the unpaid rent accumulated between the default on the balloon payment and Flegal's next attempt to evict Ifeorah (about $35,000), was not directly caused by the fraud, because Flegal's "reluctan[ce] to evict Mr. Ifeorah without a new tenant that could come in" was an intervening cause. Significantly, during this period of time, Ifeorah "continued to make monthly rental payments to [Flegal]," although he frequently missed payments. Thus, Flegal's delay was most likely caused by that fact, rather than by Ifeorah's fraud. Under these circumstances, it was clear error to include this category of damages in an exception to discharge under Section 523(a)(2).

The fourth category of damages accrued after Flegal's demand that Ifeorah quit the premises in February 2012, until Ifeorah left (about $65,000). On the day of the settlement agreement, Flegal was on the cusp of evicting Ifeorah after a prolonged unlawful detainer process. By virtue of the fraud, and the subsequent withdrawal of unlawful detainer proceedings, Ifeorah essentially reset the clock on the eviction process. When he later defaulted, Flegal had to start the eviction process from scratch. This delay, from the date of Flegal's second demand that Ifeorah quit the premises

4

until Ifeorah finally left in December 2012, gave Ifeorah nearly an additional year in the rental property. Because the fraud enabled Ifeorah's dilatory behavior, these damages were proximately caused by the fraud.

We turn now to the loss of the kitchen. The BAP held that, "but for Ifeorah's fraud, Flegal would have held a contractual entitlement to retain the kitchen equipment." The problem with this reasoning is that Flegal *did* have a contractual entitlement to the kitchen, notwithstanding Ifeorah's fraud. Indeed, the course of conduct that resulted in the loss of the kitchen began when Ifeorah removed the kitchen equipment from the rental property, *not* when he misrepresented that he personally owned such equipment. The loss would have been the same if Ifeorah's promises were true. Thus, the bankruptcy court clearly erred when it found that Flegal's loss of the kitchen equipment was a proximate result of fraud. Rather, as Ifeorah argues, the loss of the kitchen was caused by the breach of his promise to leave a turnkey kitchen if he defaulted on the settlement agreement. Damages resulting from a breach of contract, however, are dischargeable in bankruptcy. Moreover, it was Ifeorah's breach of contract, not the fraud, that compelled Flegal to give a rent discount to his new tenant. Consequently, the BAP erred by awarding Flegal an exception to discharge for the loss of the kitchen.

5

We have considered Ifeorah's other arguments and concluded that they have no merit.  In sum, we affirm in part and reverse in part, and remand to the bankruptcy court to calculate damages, including appropriate calculations for the accumulation of interest, in accordance with the foregoing analysis.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**